UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

| | |
|---|---|
| KARL ASHANTI,<br><br>                    Plaintiff,<br><br>-against-<br><br><br>THE CITY OF NEW YORK, P.O. JOHN A. SHAPIRO, Shield No. 12753 (Tax Id. No. 949655), Individually and in his Official Capacity, P.O. LUIGI TIRRO, Shield No. 5819 (Tax Id. No 964803), Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" # 1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown).<br><br>                    Defendants. | **NOTICE OF REMOVAL**<br><br>Docket<br>1:19-cv-<br><br>ECF Case<br><br>New York County<br>Index No.: 155062/2019 |

------------------------------------------------------------------------x

        Petitioner-defendant the City of New York, by its attorney, Zachary A. Carter, Corporation Counsel of the City of New York, upon information and belief, respectfully petitions this Court, pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446(b) as follows:

        1.    On or about May 20, 2019, plaintiff Karl Ashanti commenced the above-captioned civil action, which is currently pending in the Supreme Court of the State of New York, New York County, under Index No. 155062/2019, and of which a trial has not yet been had.  A copy of the summons and complaint is annexed hereto as **Exhibit A.** The action arises out of Plaintiff's arrest on March 8, 2018, and his subsequent allegedly wrongful termination from the Law Department of the City of New York.

        2.    On May 20, 2019, Plaintiff e-filed an affidavit of service as to Defendant City of New York.  This affidavit is attached as **Exhibit B**.  On June 3, 2019, defendant City of New York e-filed its Answer to Plaintiff's complaint.  This answer is attached as **Exhibit C**.

3. On June 3, 2019, Plaintiff then served the summons and complaint on Police Officers John Shapiro and Luigi Tirro. A copy of the affidavit of service for Officer Shapiro is attached as **Exhibit D**, and the affidavit of service for Officer Tirro is attached as **Exhibit E**.

4. Both officers have consented to the removal of this action to federal court. A copy of Officer Shapiro's affidavit of consent is annexed hereto as **Exhibit F,** and Officer Tirro's affidavit of consent is annexed hereto as **Exhibit G**.

5. Plaintiff seeks to hold defendants liable for deprivations of plaintiff's civil rights, alleging that the individual officers violated Plaintiff's civil rights under 42 U.S.C. 1983. Plaintiff alleges false arrest, malicious prosecution, a denial of the right to fair trial, a failure to intervene as to Officer Tirro, and a violation of Plaintiff's First Amendment rights. (Ex. A at ¶¶ 51-91.) Plaintiff also alleges municipal liability against both the Law Department of the City of New York and the New York City Police Department. (Id. at ¶¶ 92-100). The complaint is even styled as a federal complaint, with state claims described as "Pendent State Claims." (See Ex. A at ¶¶ 101-164).

6. Accordingly, this is a civil action as to which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441. See, Pastures v. Allied Barton Sec. Servs., 2011 U.S. Dist. LEXIS 151782 (S.D.N.Y. 2011) (District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States).

7. Furthermore, since all of the state law claims for negligent hiring, defamation, false arrest and malicious prosecution arise out of a common nucleus of operative facts − namely, alleged police misconduct and plaintiff's supposedly wrongful termination from the New York City Law Department − both the state and the federal claims form part of the same

case or controversy under Article III of the United States Constitution. Therefore, this Court's exercise of supplemental jurisdiction is appropriate. See, 28 U.S.C. §1367(a). See also, Rosario v. Amalgamated Ladies' Garment Cutters' Union, 605 F. 2d 1228, 1247 (2d Cir. 1979) (both state and federal claims were linked by the hostility of union officials towards appellees' assertion of their §101 rights); see also, Dunlop v. City of New York, 2006 U.S. Dist. LEXIS 72315 (S.D.N.Y. 2006) (plaintiff's state and federal claims arise out of a common nucleus of operative facts).

8. This notice of removal is timely filed within thirty (30) days from the time the last defendants - Officers Tirro and Shapiro - received a copy of plaintiff's summons and complaint. See, Exhibits D & E; see also, 28 U.S.C. §1446(b)(2)(B).

9. Pursuant to 28 U.S.C. §1446(a), attached to this notice are true and correct copies of all known process, pleadings, and orders served upon defendants in this action. Copies of orders and stipulations relating to Plaintiff's notices of claim are attached as **Exhibit H** and **I**.

10. By filing this notice of removal, defendant-petitioner does not waive any defenses which may be available to it.

11. In the context of removal under 23 U.S.C. §1441(a), the requirement of the rule of unanimity does not extend to unserved, let alone unidentified co-defendants P.O. John Does #1-10. See Varela v. Flintock Constr., Inc., 148 F. Supp. 2d 297 (S.D.N.Y. 2001); see also, Bowen v. Home Depot, 2001 U.S. Dist. LEXIS 12100 (E.D.N.Y. 2001).

**WHEREFORE**, defendant-petitioner City of New York respectfully requests that the action now pending before Supreme Court of the State of New York, New York County, be removed to the United States District Court for the Southern District of New York.

Dated: New York, New York

June 17, 2019

                Zachary W. Carter
                Corporation Counsel of the City of New York
                Attorney for Defendant-Petitioner
                CITY OF NEW YORK
                100 Church Street
                New York, New York 10007
                (212) 356-3165
                jsherwin@law.nyc.gov


        By:   \_\_\_/s/_____
              Jonathan Sherwin
              Assistant Corporation Counsel

To:  **BY ECF**
      Cohen and Fitch LLP
      Attorney for Plaintiff Karl Ashanti
      225 Broadway, Suite 2700
      New York, NY 10007