SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

KARL ASHANTI,

                          Plaintiff,

                          -against-

THE CITY OF NEW YORK, P.O. JOHN A. SHAPIRO, Shield No. 12753 (Tax Id. No. 949655), Individually and in his Official Capacity, P.O. LUIGI TIRRO, Shield No. 5819 (Tax Id. No. 964803), Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                          Defendants.

-------------------------------------------------------------------X

**SUMMONS**

Jury Trial Demanded

Plaintiff designates New York County as the place of trial.

The basis of venue is:
CPLR § 504(3)

**To the above-named Defendants:**

    **You are hereby summoned** to answer the Complaint in this action, and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiffs' attorney within 20 days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner.  In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:  NEW YORK, NEW YORK
        May 20, 2019

                              COHEN & FITCH LLP
                              Attorneys for Plaintiff
                              225 Broadway, Suite 2700
                              New York, N.Y. 10007
                              (212) 374-9115

TO:

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

P.O. JOHN A. SHAPIRO, Shield No. 12753 (Tax Id. No. 949655)
1st Precinct
16 Ericsson Pl.
New York, NY 10013

Case 1:19-cv-05660-WHP   Document 1-1   Filed 06/18/19   Page 2 of 28

P.O. LUIGI TIRRO, Shield No. 5819 (Tax Id. No. 964803)
1st Precinct
16 Ericsson Pl.
New York, NY 10013

Case 1:19-cv-05660-WHP   Document 1-1   Filed 06/18/19   Page 3 of 28

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

KARL ASHANTI,

                                Plaintiff,

                           -against-

THE CITY OF NEW YORK, P.O. JOHN A. SHAPIRO, Shield No. 12753 (Tax Id. No. 949655), Individually and in his Official Capacity, P.O. LUIGI TIRRO, Shield No. 5819 (Tax Id. No. 964803), Individually and in his Official Capacity, and POLICE OFFICERS "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                               Defendants.

-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

**BASIS FOR VENUE:**

**CPLR § 504(3)**

       Plaintiff KARL ASHANTI, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully allege as follows:

## FACTS

       1.    Plaintiff KARL ASHANTI is an African-American male and has been at all relevant times a resident of Richmond County in the City and State of New York.

       2.    Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

       3.    Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

1

Case 1:19-cv-05660-WHP   Document 1-1   Filed 06/18/19   Page 4 of 28

4.     That at all times hereinafter mentioned, the individually named defendants, P.O. JOHN A. SHAPIRO, Shield No. 12753 (Tax Id. No. 949655), P.O. LUIGI TIRRO, Shield No. 5819 (Tax Id. No. 964803), and POLICE OFFICERS "JOHN DOE" #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

5.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

6.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

7.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

### The Incident

8.     On or about March 8, 2018, at approximately 10:30 a.m., in the County of New York, City, and State of New York, plaintiff Karl Ashanti was lawfully present in the vicinity of Park Place between Broadway and Church Street, walking toward the New York City Corporation Counsel's office located at 100 Church Street, New York, NY 10007 where he was employed at the time as Assistant Corporation Counsel for the City of New York.

2

Case 1:19-cv-05660-WHP   Document 1-1   Filed 06/18/19   Page 5 of 28

9.     At the aforementioned time and place, plaintiff encountered defendant P.O. LUIGI TIRRO who was putting up emergency tape to block access to Park Place between Broadway and Church Street.

10.     Upon seeing this, plaintiff approached defendant TIRRO, explained that his office was located immediately beyond the blockaded area on the corner of Church Street and Park Place and requested permission from defendant TIRRO to proceed down the street.

11.     In response, defendant TIRRO granted plaintiff permission to proceed through the blockaded area, explicitly telling him he could continue down the street on Park Place.

12.     In response to defendant TIRRO's permission, plaintiff proceeded to walk down Park Place towards Church Street.

13.     As he was walking on Park Place, plaintiff was suddenly aggressively approached by defendant Police Officer JOHN A. SHAPIRO, who began angrily yelling at plaintiff that he was not supposed be on that street.

14.     In response, plaintiff calmly attempted to explain to defendant SHAPIRO that he was given explicit permission to go down the street by defendant TIRRO, who was still stationed near Broadway and Park Place at the time.

15.     Notwithstanding, the information provided by plaintiff and without even attempting to consult with defendant TIRRO, defendant SHAPIRO continued to berate plaintiff.

16.     As defendant SHAPIRO continued to angrily scream at plaintiff and act hostile toward him plaintiff calmly requested to speak to defendant SHAPIRO's supervisor.

17.     In direct response to that request, defendant SHAPIRO immediately responded by proceeding to place plaintiff under arrest by handcuffing his arms tightly behind his back.

18.     While plaintiff was being placed under arrest by defendant SHAPIRO, defendant TIRRO approached the scene, but did not inform defendant SHAPIRO that he had given plaintiff permission to walk down the street, nor did TIRRO intervene in any way to prevent plaintiff from being arrested by defendant SHAPIRO, despite being aware he gave plaintiff permission to walk down Park Place.

19.     Thereafter, defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 searched plaintiff's person and effects.

20.     At no time on March 8, 2018, did defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 possess probable cause and/or reasonable suspicion to search plaintiff's person or effects nor did they obtain voluntary consent from him to do so.

21.     At no time on March 8, 2018, did defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 possess information that would lead a reasonable officer to believe probable cause and/or reasonable suspicion existed to search plaintiff's person or effects.

22.     At no time on March 8, 2018, did defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 possess probable cause to arrest plaintiff.

23.     At no time on March 8, 2018, did defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

24.     Nonetheless, on March 8, 2018 after defendant SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 arrested plaintiff, plaintiff was transported to a nearby police precinct where he was fingerprinted, photographed, searched, confined against his will in a holding cell for several hours, and charged with Obstructing Government Administration, Resisting Arrest, and Harassment.

25.     At no time on March 8, 2018, did the plaintiff resist arrest, harass anyone, obstruct government administration, nor did he commit any crimes or violations, nor did he behave unlawfully in any way.

26.     After being detained at the aforementioned precinct, plaintiff was transported to Central Booking where he was searched again, photographed, subjected to a retina scan, and further detained in holding cells.

27.     Thereafter, plaintiff spent several more hours in police custody before he was arraigned on the aforementioned false charges, which were based on the false and misleading information provided to prosecutors by defendant officers.

28.     Following his arraignment, plaintiff was released on his own recognizance and required to return to court to be prosecuted under criminal court docket number 2018NY012075.

29.     Thereafter, plaintiff was prosecuted for approximately six (6) months and made multiple court appearances during this time.

30.     On or about August 20, 2018, plaintiff was acquitted at trial resulting in the dismissal of all the remaining charges.

31.     In connection with plaintiffs' arrest, defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

32.     Thereafter, defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 repeated the aforementioned false and misleading information regarding the facts and circumstances of plaintiffs' arrests throughout the criminal proceedings.

33.     Specifically, defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 falsely stated, *inter alia*, that plaintiff 1) refused to stop and leave an unsafe blocked

off area when he was ordered to so; 2) that plaintiff began yelling in sum and substance "I work for Corporation Counsel and I have to get down the block. Get out of my way!" at defendant SHAPIRO during their interaction; 3) that plaintiff prevented defendant SHAPIRO from stopping other bystanders from entering the unsafe blocked off area; 4) that plaintiff shoved defendant SHAPIRO in his right shoulder prior to being arrested; 5) that plaintiff shoved defendant SHAPIRO a second time as he flailed his arms and refused to put his arms behind his back to make it more difficult to handcuff plaintiff and place him under arrest; 6) that plaintiff was not given permission to walk down Park Place by defendant TIRRO.

34.     In addition, officers and/or or agents of the City of New York, namely – SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 – defamed plaintiff by publishing false information in publicly filed court documents, which they knew were open to public viewing and/or transmitting said information to several news and media outlets including the New York Post, Blue Lives Matter, Conservative Daily Post and World News Inc.

35.     This false information was published in court documents – namely, the criminal court complaint – on March 8, 2018 at or around approximately 8:35 p.m. and thereafter in the aforementioned news and media outlets between March 9, 2018 and March 12, 2018.

36.     These false and defamatory statements of fact included the following false information: 1) that plaintiff barged into a blockaded street; 2) that plaintiff refused to leave the scene upon request by defendant officers; 3) that plaintiff began yelling and stating that he would not turn around; 4) that plaintiff repeatedly refused to leave the area upon request from defendant officers; 5) that plaintiff prevented defendant officers from preventing other individuals from walking into the blockaded area; 6) that plaintiff tussled or was fighting with any defendant officers; 7) that he stormed down the street, shoved a defendant officer and flailed his arms like a

6

penguin to avoid getting cuffed; 8) that he shouted or yelled 'get out of my way" at any defendant officer; 9) that plaintiff touched or shoved defendant SHAPIRO on the shoulder; 10) that plaintiff shoved officer SHAPIRO a second time; and 11) that plaintiff flailed his arms and refused to be handcuffed in connection with his arrest.

37.     Upon information and belief, these statements were made with knowledge that they would be published in local media and news outlets and/or that they would be and remain in a file open and readily accessible to the public.

38.     Upon information and belief, these statements were entirely false, lacking any substantial truth, and were made with full knowledge of their falsity, without foundation, with malice, and knowing that they would – and did – hold plaintiff up to public disgrace and contempt and caused plaintiff injuries and damage in his profession and reputation.

39.     As a result of these false and defamatory statements, plaintiff suffered severe injuries and damage to his profession and reputation.

40.     As a result of the foregoing, plaintiff was immediately suspended from his employment with the defendant CITY OF NEW YORK at the New York City Law Department.

41.     Thereafter, the defendant CITY OF NEW YORK constructively terminated plaintiff without awaiting the outcome of his criminal proceedings.

42.     Further, the aforementioned termination and disciplinary action against plaintiff was taken by the City of New York prior to, and did not await the outcome of, his criminal case or any adjudication of the merits of the false allegations made against him.

43.     In addition, defendant CITY OF NEW YORK did not seek to reinstate plaintiff after plaintiff was acquitted of all the charges.

44.     Plaintiff is an African American male, and upon information and belief, the defendant City of New York has had Caucasian employees who have been arrested and charged with similarly severe or more egregious criminal conduct while working for the New York City Law Department.

45.     Upon information and belief, on the occasion when Caucasian employees have been arrested while working for the defendant CITY OF NEW YORK at the New York City Law Department, those similarly situated Caucasian employees were not immediately disciplined and/or terminated in the same manner plaintiff was disciplined and/or terminated.

46.     Upon information and belief, on the occasion when Caucasian employees have been arrested while working for the defendant City of New York at the New York City Law Department, the decisions to suspend, terminate and/or discipline those similarly situated Caucasian employees was held in abeyance pending the outcome of the criminal proceedings against those employees.

47.     Upon information and belief, on the occasion when Caucasian employees have been arrested while working for the defendant City of New York at the New York City Law Department, the charges against those similarly situated Caucasian employees did not end in acquittal, dismissal or any indication that the criminal allegations against them were false.

48.     Upon information and belief, this disparate treatment of plaintiff was motivated by racial animus or some other unlawful discrimination.

49.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, economic damages, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, lost wages, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983

50.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

51.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

52.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

53.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

54.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York, the New York City Police Department and the New York City Department of Corrections, all under the supervision of ranking officers of said department.

55.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

Case 1:19-cv-05660-WHP   Document 1-1   Filed 06/18/19   Page 12 of 28

## SECOND CLAIM FOR RELIEF ARISING
## FALSE ARREST UNDER 42 U.S.C. § 1983

56.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

57.     As a result of the aforesaid conduct by defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10, plaintiff was subjected to illegal, improper and false arrest by the defendants SHAPIRO and/or POLICE OFFICERS "JOHN DOE" #1-10, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

58.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, searched, and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

59.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

60.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 misrepresented and falsified evidence before the New York County District Attorney.

61.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 did not make a complete and full statement of facts to the District Attorney.

62.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 withheld exculpatory evidence from the District Attorney.

63.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 were directly and actively involved in the initiation of criminal proceedings against plaintiff.

64.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 lacked probable cause to initiate criminal proceedings against plaintiff.

65.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 acted with malice in initiating criminal proceedings against plaintiff.

66.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 were directly and actively involved in the continuation of criminal proceedings against plaintiff.

67.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 lacked probable cause to continue criminal proceedings against plaintiff.

68.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 acted with malice in continuing criminal proceedings against plaintiff.

69.     Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 misrepresented and falsified evidence throughout all phases of the criminal proceedings.

70.     Specifically, defendants' SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 made the aforementioned false and misleading allegations regarding the circumstances surrounding plaintiff's arrest.

71.     Notwithstanding the perjurious and fraudulent conduct of defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10, the criminal proceedings were terminated in plaintiff's favor on or about August 20, 2018.

72.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## <u>DENIAL OF A FAIR TRIAL UNDER 42 U.S.C. § 1983</u>

73.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

74.    Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 created false evidence against plaintiff.

75.    Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 forwarded false evidence and false information to prosecutors in the New York County District Attorney's office.

76.    Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 misled the prosecutors by creating false evidence against plaintiff and thereafter providing false testimony throughout the criminal proceedings.

77.    In creating false evidence against plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

78.    As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
## <u>FAILURE INTERVENE UNDER 42 U.S.C. § 1983</u>

79.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

80.     Defendant TIRRO had an affirmative duty to intercede when plaintiff's constitutional rights were being violated in his presence.

81.     Specifically, defendant TIRRO had an affirmative duty to take reasonable measures to prevent plaintiff's arrest in the absence of probable cause.

82.     Defendant TIRRO had an affirmative duty to take reasonable measures to prevent defendant SHAPIRO from knowingly making false statements and submitting false paperwork to the District Attorney in connection with plaintiff's prosecution.

83.     Defendant TIRRO had an affirmative duty to take reasonable measures to remedy and/or inform the District Attorney of any such false information or material omissions as soon as he became aware in order to prevent the further and continued violation of plaintiff's constitutional rights.

84.     Defendant TIRRO violated plaintiff's constitutional rights when he failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

85.     As a result of defendant TIRRO's failure to intercede when plaintiff's constitutional rights were being violated in his presence, plaintiff has suffered damages including, loss of liberty, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM FOR RELIEF
## FIRST AMENDMENT VIOLATION UNDER 42 U.S.C. § 1983

86.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

87.     By his conduct, as described herein, and acting under color of state law to deprive the plaintiff of his right to freedom of speech under the First and Fourteenth Amendments,

13

defendant SHAPIRO is liable for violation of 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

88.     Defendant SHAPIRO violated plaintiff's First Amendment rights to speech by unlawfully denying him the right to speak freely by subjecting him to false arrest and prosecution to deter the exercise of his First Amendment rights.

89.     Defendant SHAPIRO's actions were taken in retaliation for plaintiff exercising his First Amendment rights against defendant SHAPIRO.

90.     As a consequence of defendant SHAPIRO's actions, plaintiff suffered violations of his First and Fourteenth Amendment rights to free speech.

91.     As a direct and proximate result of the defendant SHAPIRO's unlawful actions, plaintiff has suffered damages including, loss of liberty, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

**SEVENTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

92.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

93.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

94.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

     a.  arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and,

14

    b.   fabricating evidence in connection with their arrest/prosecution in order to cover up police misconduct; and,

    c.   arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing and regardless of probable cause, for the purpose of obtaining overtime compensation; and,

    d.   failing to take reasonable steps to control and/or discipline police officers who lie, fabricate evidence, and/or commit perjury in order to cover up police misconduct and/or inflate arrest statistics.

    e.   automatically accepting false information of police officers as truth in determining whether to take disciplinary action against employees accused of criminal conduct without any investigation or awaiting the outcome of the criminal proceedings; and

    f.   terminating African American and/or minority employees upon arrest without awaiting the outcome of criminal accusations against them; and,

    g.   subjecting minority employees to disparate treatment.

95.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

96.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

97.    The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

98.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

99.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

100.    The acts complained of deprived the plaintiffs of their rights:

A.      Not to be deprived of liberty without due process of law;

B.      To be free from seizure and arrest not based upon probable cause;

C.      Not to have summary punishment imposed upon them; and

D.      To receive equal protection under the law.

**PENDANT STATE CLAIMS**

101.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

102.    On or about October 4, 2018, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e). Thereafter, plaintiff filed a motion for leave to file an Amended Late Notice of Claim to add certain claims which was granted by the Honorable Verna Saunders. Subsequently, on or about February 8, 2019, plaintiff filed a new Notice of Claim adding previously untimely claims, and duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, an Amended Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

103.    Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

104. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held on May 14, 2019.

105. This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

106. Plaintiff has and/or will comply with all conditions precedent to maintaining the instant action.

107. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

108. Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

109. Defendants' SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 aforementioned actions placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

110. As a result of defendants' SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

111. Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

112. Defendant police officers SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 touched plaintiff in a harmful and offensive manner.

113.   Defendant police officers SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 did so without privilege or consent from plaintiff.

114.   As a result of defendants' SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE ARREST</u>

115.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

116.   Defendant police officers SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 arrested plaintiff in the absence of probable cause and without a warrant.

117.   As a result of the aforesaid conduct by defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.  The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### <u>FALSE IMPRISONMENT</u>

118.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

119.   As a result of the foregoing conduct by defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10, plaintiff was falsely imprisoned, his liberty was restricted for an extended period of time, he was put in fear for his safety, and humiliated and subjected to handcuffing and other physical restraints.

18

120.   Plaintiff was conscious of said confinement and did not consent to same.

121.   The confinement of plaintiff was without probable cause and was not otherwise privileged.

122.   As a result of the aforementioned conduct, plaintiff has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

**FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
MALICIOUS PROSECUTION**

123.   Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

124.   On or about March 8, 2018, defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 commenced a criminal proceeding against plaintiff.

125.   Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 lacked probable cause to commence said criminal proceeding against plaintiff.

126.   Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 were motivated by actual malice in commencing said criminal proceeding against plaintiff.

127.   From March 8, 2018 through August 20, 2018, plaintiff was forced to repeatedly make appearances in Criminal Court to defend himself against the unlawful prosecution initiated by defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10.

128.   As a result of the malicious prosecution against him, plaintiff spent approximately six (6) months making court appearances.

129.   On or about August 20, 2018, the criminal prosecution against plaintiff terminated in his favor and all charges against him were dismissed.

130.   As a result of the aforementioned conduct, plaintiff suffered mental and physical injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

19

## SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

131.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

132.    The aforementioned conduct by defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 was extreme and outrageous, and exceeded all reasonable bounds of decency.

133.    The aforementioned conduct was committed by defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

134.    The aforementioned conduct was committed by defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

135.    The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

136.    As a result of the aforementioned conduct, plaintiff suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

137.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

138.     Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its Police Department, including the defendants individually named above.

139.     Defendant CITY OF NEW YORK was negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of its Police Department including the defendants individually named above.

140.     Due to the negligence of the defendants as set forth above, plaintiff suffered physical and mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

## SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### DEFAMATION

141.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

142.     Throughout plaintiff's prosecution, on or about and between March 8, 2018 and August 20, 2018 defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 repeatedly made defamatory, slanderous and false statements about plaintiff to prosecutors at the New York County District Attorney's Office.

143.     Specifically, defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 falsely stated, *inter alia*, that on March 8, 2018 plaintiff 1) refused to stop and leave an unsafe blocked off area when he was ordered to so; 2) that plaintiff yelled in sum and substance  "I work for Corporation Counsel and I have to get down the block. Get out of my way!" at defendant SHAPIRO during their interaction; 3) that plaintiff prevented defendant SHAPIRO from stopping other bystanders from entering the unsafe blocked off area; 4) that plaintiff shoved defendant SHAPIRO in his right shoulder prior to being arrested; and 5) that

plaintiff shoved defendant SHAPIRO a second time as he flailed his arms and refused to put his arms behind his back to make it more difficult to handcuff plaintiff and place him under arrest; 6) that plaintiff was not given permission to walk down Park Place by defendant TIRRO.

144.    In addition, officers and/or or agents of the City of New York, namely – SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 – defamed plaintiff by publishing false information in publicly filed court documents, which they knew were open to public viewing and/or transmitting said information to several news and media outlets including the New York Post, Blue Lives Matter, Conservative Daily Post and World News Inc.

145.    This false information was published in court documents – namely, the criminal court complaint – on March 8, 2018 at or around approximately 8:35 p.m. and thereafter in the aforementioned news and media outlets between March 9, 2018 and March 12, 2018.

146.    These false and defamatory statements of fact also included the following false information: 1) that plaintiff barged into a blockaded street; 2) that plaintiff refused to leave the scene upon request by defendant officers; 3) that plaintiff began yelling and stating that he would not turn around; 4) that plaintiff repeatedly refused to leave the area upon request from defendant officers; 5) that plaintiff prevented defendant officers from preventing other individuals from walking into the blockaded area; 6) that plaintiff tussled or was fighting with any defendant officers; 7) that he stormed down the street, shoved a defendant officer and flailed his arms like a penguin to avoid getting cuffed; 8) that he shouted or yelled 'get out of my way" at any defendant officer; 9) that plaintiff touched or shoved defendant SHAPIRO on the shoulder; 10) that plaintiff shoved officer SHAPIRO a second time; and 11) that plaintiff flailed his arms and refused to be handcuffed in connection with his arrest.

Case 1:19-cv-05660-WHP Document 1-1 Filed 06/18/19 Page 25 of 28

147. Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 knew these statements were false or recklessly disregarded the truth or falsity of these statements at the time they made them.

148. Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 knew or should have known that such statements had the tendency to expose the plaintiff to public hatred, contempt, ridicule or disgrace.

149. As a result of these false statements plaintiff was exposed to public hatred, contempt, ridicule or disgrace.

150. Further, plaintiff had racial slurs and epithets posted about him on various websites in response to the publication of theses false accusations made by defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10.

151. Defendants SHAPIRO, TIRRO, and/or POLICE OFFICERS "JOHN DOE" #1-10 were motivated by actual malice in making these false statements about plaintiff.

152. As a result, these false statements were a substantial factor in causing plaintiff to suffer financial loss.

153. As a result of these false and defamatory statements, plaintiff suffered severe injuries and damage to his profession and reputation.

154. As a result of the aforementioned conduct, plaintiff suffered mental injury, together with embarrassment, humiliation, shock, fright, loss of freedom, and loss of wages.

**EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW**
**DISCRIMINATION PURSUANT TO NEW YORK CITY HUMAN RIGHTS LAW**

155. Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

Case 1:19-cv-05660-WHP   Document 1-1   Filed 06/18/19   Page 26 of 28

156.    By the acts and practices described above defendants, the defendant CITY OF NEW YORK, committed discrimination against plaintiff by discriminating against him on the basis of his race.

157.    Specifically, the defendant CITY OF NEW YORK as plaintiff's employer, did not treat plaintiff the same as similarly situated Caucasian employees who had also been arrested while working for the City of New York in violation of New York City Human Rights Law ("NYCHRL").

158.    Upon information and belief, this disparate treatment of plaintiff was motivated by racial animus and/or some other unlawful discrimination.

159.    As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, lost wages, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, lost wages, and deprivation of his constitutional rights.

## NINTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## DISCRIMINATION PURSUANT TO NEW YORK STATE HUMAN RIGHTS LAW

160.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

161.    By the acts and practices described above defendants, the defendant CITY OF NEW YORK, committed discrimination against plaintiff by discriminating against him on the basis of his race.

162.    Specifically, the defendant CITY OF NEW YORK as plaintiff's employer, did not treat plaintiff the same as similarly situated Caucasian employees who had also been arrested while working for the City of New York in violation of New York State Human Rights Law ("NYSHRL").

24

163.     Upon information and belief, this disparate treatment of plaintiff was motivated by racial animus and/or some other unlawful discrimination.

164.     As a result of the foregoing, plaintiff sustained, *inter alia*, loss of liberty, lost wages, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, lost wages, and deprivation of his constitutional rights.

**WHEREFORE**, plaintiff respectfully request judgment against defendants as follows:

    i.   an order awarding compensatory damages in an amount to be determined at trial;

    ii.  an order awarding punitive damages in an amount to be determined at trial;

    iii. reasonable attorneys' fees and costs; and

    iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       May 20, 2019

                          BY:_____/S_____
                          GERALD COHEN
                          JOSHUA FITCH
                          ILYSSA FUCHS
                          COHEN & FITCH LLP
                          *Attorneys for Plaintiff*
                          225 Broadway, Suite 2700
                          New York, N.Y. 10007
                          (212) 374-9115

25

## ATTORNEY'S VERIFICATION

**GERALD M. COHEN**, an attorney duly admitted to practice law in the Courts of the State of New York, shows:

That he is a member of the law firm of COHEN & FITCH, LLP the attorneys for plaintiff KARL ASHANTI in the within entitled action.

That your deponent has read the foregoing **VERIFIED COMPLAINT** and knows the contents thereof, and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, he believes it to be true.

That the source of the deponent's information are investigation and records in the file.

That the reason why the verification is made by deponent and not by the plaintiff is that the plaintiff is not currently residing within the county wherein deponent maintains his office.

Deponent affirms that the foregoing statements are true under the penalties of perjury.

Dated:      New York, New York
            May 20, 2019


_____/S_____
            **Gerald M. Cohen**